

**SO ORDERED.**

**SIGNED this 19th day of July, 2012.**

Dale L. Somers
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:
**Megan Diane Ballway,**                         **Case No.  10-13945**
                                                 **Chapter 7**
                **Debtor.**

---

**Linda S. Parks, Trustee,**

                **Plaintiff,**

vs.                                              **Adversary No. 11-05016**

**Persels & Associates, LLC, and**
**Laura K. Simpson-Redmond,**

                **Defendants**.

---

### Report and Recommendation to the District Court on
### Motion to Withdraw Reference

Defendants Persels & Associates, LLC, and Laura K. Simpson-Redmond renew

their motion to withdraw the reference of this adversary proceeding and transfer the

case to the United States District Court for the District of Kansas.[1] Pursuant to District of Kansas Local Rule 83.8.6, the Court recommends that the reference of this case be withdrawn immediately.[2]

### Factual and Procedural Background

Because this is a second motion for withdrawal of the reference, the Court has had prior occasion to recount the facts and background of this case, and will only briefly do so here. Linda S. Parks, the Chapter 7 Trustee, filed this adversary proceeding. The Trustee's Complaint alleges that Debtor Megan Diane Ballway, in an effort to avoid bankruptcy and in response to online advertising, retained Defendants Persels & Associates, LLC (hereafter "Persels"), a Maryland corporation, and Laura K. Simpson-Redmond, an attorney residing and licensed in Kansas but associated with Persels, to provide legal services to assist Debtor in resolving her unsecured debt. During the two years preceding her bankruptcy filing, Debtor made monthly payments to Persels. The parties have stipulated that Debtor transferred $2860 to Persels during this time period. Defendants, however, failed to settle any of Debtor's debts. In September 2010, Debtor stopped making payments to Persels and obtained different counsel. After numerous requests, Persels refunded $1819 to Debtor, but kept $1040 as legal fees. On November 18, 2010, Debtor filed her Chapter 7 bankruptcy petition.

Generally stated, the Trustee alleges Defendants committed legal malpractice,

---

[1] Doc. 56.

[2] Rule 83.8.6(f) provides that upon filing a motion to withdraw the reference and for transfer, the Bankruptcy Court will submit a written recommendation on the motion to the District Court.

breached fiduciary duties to Debtor, violated Kansas statutes, and charged an unreasonable fee. The Trustee seeks to avoid and recover monies charged and collected by Defendants as fraudulent conveyances and preferences, and for disgorgement of the allegedly unreasonable professional fees. The Trustee also alleges that Defendants committed deceptive and unconscionable acts that violated the Kansas Consumer Protection Act ("KCPA"),[3] and that Defendants violated the Kansas Credit Services Organization Act ("KCSOA").[4] In addition, the Trustee seeks to recover actual and punitive damages for legal malpractice and breach of fiduciary duty.

Defendants timely filed a motion to withdraw the reference and transfer this proceeding to the District Court. This Court recommended that the reference be withdrawn after all pre-trial proceedings were completed, including ruling on dispositive motions.[5] The District Court adopted that recommendation.[6] The parties' final pre-trial order was entered April 13, 2012.[7] Defendants now file this second motion to withdraw reference,[8] which the Trustee opposes.[9] The filing of dispositive motions has been delayed pending resolution of this motion.

---

[3] K.S.A. §§ 50-623 to 50-643.

[4] K.S.A. §§ 50-1116 to 50-1135.

[5] Doc. 23.

[6] Doc. 27.

[7] Doc. 70.

[8] Doc. 56.

[9] Doc. 59.

-3-

## Analysis

Section 157(d) of Title 28 permits a district court to withdraw reference, in whole or in part, of any case or proceeding referred to the bankruptcy court, on timely motion of any party for cause. Cause is not defined by the statute. Demand for jury trial, however, has been recognized as cause.[10] Courts have also considered whether claims are core or non-core, because non-core claims require the entry of final judgment by a district court.[11] In addition, courts have been directed to "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[12] Permissive withdrawal of the reference is discretionary.[13]

Defendants renew their motion to withdraw the reference based on the June 2011 Supreme Court decision in *Stern v. Marshall (In re Marshall)*,[14] a decision issued

---

[10] *E.g.*, *Manley Truck Line, Inc. v. Mercantile Bank of Kan. City*, 106 B.R. 696 (D. Kan. 1989); *see also* cases collected at 1 *Collier on Bankruptcy* ¶ 3.04[1][b], 3-54 n.6 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[11] *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995).

[12] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also* 1 *Collier on Bankruptcy*, ¶ 3.04[1][b] at 3-54 ("It has been stated that, in determining whether cause exists for withdrawing the reference, the court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conservation of debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial.").

[13] *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995).

[14] 131 S. Ct. 2594 (2011).

-4-

after this Court's report and recommendation on Defendants' initial motion to withdraw the reference. In the *Stern* case, the Supreme Court concluded that despite the statutory definition of core proceedings including "counterclaims by the estate against persons filing claims against the estate," a bankruptcy court lacks the "constitutional authority to enter a final judgment on a state law counterclaim [filed by the debtor for tortious interference in a nondischargeability adversary proceeding filed by a creditor] that is not resolved in the process of ruling on a creditor's proof of claim."[15] Constitutional authority to enter final judgment on such counterclaims is present only if the "action at issue stems from the bankruptcy itself or would be necessarily be resolved in the claims allowance process."[16]

The extent of a bankruptcy court's authority to enter final judgment after *Stern* has not been defined in this circuit. Some courts in other circuits have relied upon the narrowing language in *Stern* and emphasize that the ruling should be limited to the unique circumstances of that case.[17] These courts hold that *Stern* does not impact the bankruptcy court's ability to enter a final judgment on any other type of core proceeding.[18] Other courts read *Stern* more expansively by looking to the reasoning of

---

[15] *Id.* at 2630.

[16] *Id.* at 2618.

[17] *E.g.*, *In re Salander O'Reilly Galleries*, 453 B.R. 106, 115–16 (Bankr. S.D.N.Y. 2011).

[18] *E.g.*, *Brook v. Ford Motor Credit Co. (In re Peacock)*, 455 B.R. 810, 812 (Bankr. M.D. Fla. 2011) ("The narrow holding in *Stern*, as just described, does not impact a bankruptcy court's ability to enter a final judgment in any other type of core proceeding authorized under 28 U.S.C. § 157(b)(2). Similarly, *Stern* does not impact a bankruptcy

-5-

the *Stern* Court.[19] These courts hold that the constitutional authority of bankruptcy courts is limited to matters concerning the administration of the bankruptcy estate, the injunctions imposed by the Bankruptcy Code, and the administration of claims made against the estate, even if those claims are matters usually handled by common law courts or courts of equity.[20]

Here, prior to and regardless of *Stern*, the Court already determined that trial by jury is available for the Trustee's avoidance claim under 11 U.S.C. § 548 for the allegedly fraudulent transfer of funds to Defendant, for the claims to recover preferential transfers under 11 U.S.C. § 547 and § 540 for funds transferred to Defendants within 90 days of the Debtor filing her bankruptcy petition, certain aspects of the Trustee's claim under the KCPA for engaging in deceptive and unconscionable acts and practices prohibited by the Act, the Trustee's claims for legal malpractice and breach of fiduciary duty, and the claim for actual and punitive damages under the KCSOA.[21] In addition to these jury trial claims, the Court also now notes there are non-

court's ability to hear non-core matters under 28 U.S.C. § 157(c), albeit not decide them absent the parties' consent.").

[19] *E.g.*, *Heller Herman LLP v. Arnold & Porter, LLP (In re Heller Ehrman LLP)*, 464 B.R. 348, 352–54 (N.D. Cal. 2011) (finding that *Stern*'s holding of lack of jurisdiction to enter a final judgment applies to other core matters under § 157(b), including the estate's claim that a prebankruptcy waiver was a fraudulent conveyance).

[20] *E.g.*, *Meoli v. The Huntington Nat'l Bank (In re Teleservices Group, Inc.)*, 456 B.R. 318, 337 (Bankr. W.D. Mi. 2011).

[21] The Court also previously determined that there was no jury trial right for the Trustee's claim for accounting and turnover of funds claim under 11 U.S.C. § 542 for the equitable remedy of the funds transferred to Defendants by Debtor. Finally, the Court noted that the Trustee's claim for disgorgement of attorney fees from Persels—allegedly unreasonable under the Kansas Rules of Professional Responsibility—is subject to a jury

core claims present in this matter. For example, the Trustee's claims under the KCSOA, the KCPA, and for disgorgement are non-core.[22]

There are a broad mix of jury and non-jury claims here, plus non-core claims. To be sure, however, the claims made in this case are predominated by matters which require a final determination in the District Court. The Court concludes that it does not need to address the impact of *Stern*. Regardless of *Stern*, as noted above, the right to a jury trial has been recognized as cause for withdrawal of reference, because the bankruptcy court may not conduct a jury trial without both parties' consent.[23] In addition, although a bankruptcy court may enter final judgment on core matters, it cannot do so with respect to non-core matters, unless the parties consent: under 28 U.S.C. § 157(c)(1), a bankruptcy judge may hear a proceeding that is not a core proceeding, but that is otherwise related to a case under Title 11, but that bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for entry of judgment after *de novo* review.

The Court changes course from its prior order at this point, however, and

---

trial if the Trustee seeks recovery from the general assets of Persels, but if the Trustee is seeking restitution of specific funds then the claim is equitable and there is no jury trial right.

[22] *Parks v. Consumer Law Assocs., LLC (In re Lewis)*, Case No. 10-10117, Adv. No. 10-5098, 2012 WL 1073126, at *3 (Bankr. D. Kan. Mar. 29, 2012) (concluding that similar Kansas Consumer Protection Act and disgorgement claims asserted by the trustee in that case "are not core proceedings").

[23] *Oliver v. CitiMortgage, Inc. (In re Oliver)*, Case No. 05-40504, Adv. No. 11-07038, 2011 WL 6097810, at *2 (Bankr. D. Kan. Dec. 6, 2011) (citing 28 U.S.C. § 157(e) and Federal Rule of Bankruptcy Procedure 83.8.13(b)).

recommends immediate withdrawal of the reference. Not because of *Stern*, but because the Court has been made aware that there are currently at least eight other actions pending in the Bankruptcy and District Courts in Kansas raising similar KCSOA, KCPA, and fraudulent conveyance claims.[24] Recently, three of those cases have moved to the District Court in Kansas for decision.[25] One of those cases in the District Court has certified two questions to the Kansas Supreme Court for an interpretation of the statutory language found in the KCSOA, and a determination of the constitutionality of the KCSOA and KCPA.[26] It is simply more efficient for these cases, all stating similar claims, to be decided and ultimately tried in one forum with the authority to enter final judgment on the matters. The claims in this case are not particularly bankruptcy dominated, and this Court believes the more appropriate forum is the

---

[24] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 45 at 5–6 (D. Kan. April 13, 2012) (listing cases).

[25] These cases are: *Hays v. Ruther*, Case No. 11-1163-JTM (D. Kan.), *Parks v. Consumer Law Assocs., L.L.C.*, Case No. 12-1113-JTM (D. Kan.), and *Parks v. Persels & Assocs., LLC*, Case No. 12-1140-KHV (D. Kan.).

[26] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 49 (D. Kan. June 26, 2012) (certifying two questions to the Kansas Supreme Court). The questions certified are:

I.     If an attorney licensed to practice law in Kansas and acting within the course and scope of the attorney's practice is exempt from the provisions of the Kansas Credit Services Organization Act, is the attorney's law firm also exempt? Specifically, does the definition of "person" in K.S.A. § 50-1117 (2005) apply to the attorney exemption at K.S.A. § 50-1116(b) (2005)?

II.    Does applying the Kansas Consumer Protection Act or the Kansas Credit Services Organization Act to attorneys, law firms, and their administrative agents in the context of attorney-client relationships violate the separation of powers mandated by Article 3, Section 1, of the Kansas Constitution?

-8-

District Court. The Court wishes to preserve both the Trustee's and the Defendants' resources, and believes immediately transferring this case to the District Court so that these cases can proceed together is the best way to do so. As a result, the balance of factors weighs in favor of immediate withdrawal of the reference and transfer to the District Court.

## Conclusion

Cause exists to withdraw reference because of the right to jury trial on the majority of the claims asserted by the Trustee. The factual issues in the jury and non-jury claims overlap and the jury trial claims are likely to be primary disputes. In addition, there are non-core claims asserted by the Trustee, which additionally impacts the authority of this Court to enter final judgment. This adversary proceeding has been fully prepared for dispositive motions and trial, with a final pretrial order entered. Immediate withdrawal of the reference is recommended because this adversary proceeding is similar to several other cases recommended for transfer to the district courts and for certification of questions to the Kansas Supreme Court. The Court, therefore, recommends immediate withdrawal of the reference and transfer to the District Court so that these similar proceedings can be administered together. In this Court's view, one final arbiter on the claims in this case is the most efficient use of judicial resources, and may result in a more timely resolution of this proceeding.

The Court recommends immediate withdrawal of the reference and transfer to the District Court. A copy of the Complaint, prior report on withdrawal of reference, and prior order of the District Court accepting that report and recommendation is

attached for the convenience of the District Court.

**It is so ordered.**

### #

-10-